**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

GEORGIA A. WAYMAN                                                                                        PLAINTIFF

V.                                         NO. 5:04CV00194-HLJ

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff, Georgia Wayman, appeals from the Commissioner's decision denying her claim for Supplemental Security Income (SSI). The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Plaintiff filed an application for SSI on April 9, 2001 (protective filing date), alleging she became disabled on January 1, 1992 (Tr. 136-38) due to stress, breathing problems, suicidal thoughts, and pain (Tr. 162). She has a history of diagnoses of high blood pressure, diabetes mellitus, arthritis/arthralgia, carpal tunnel syndrome and depression (Tr. 302, 349, 353). Her claim was denied initially, and upon reconsideration (Tr. 116-17, 122-23). She requested a hearing

which was held on August 14, 2002 before an Administrative Law Judge (ALJ) (Tr. 87-115). On November 27, 2002, the ALJ issued his decision denying benefits (Tr. 42-50).

An appeal to the Appeals Council was successful, and on March 21, 2003, the Appeals Council issued an Order remanding the case to the ALJ (Tr. 34-37). The case was remanded because the ALJ assessed the claimant as having the residual functional capacity (RFC) for a reduced range of medium work which included manipulative limitations of no repetitive gripping, handling, feeling, and fingering using the hands. The ALJ adopted the vocational expert's (VE) testimony that a significant number of jobs existed that the claimant could perform with her assessed limitations, such as a cashier and cafeteria attendant. However, reviewing the Dictionary of Occupational Titles (DOT), the Appeals Council found those jobs require the ability to make fast, simple, repeated movements of the fingers, hands, and wrists, which was precluded by the ALJ's assessment of manipulative limitations (Tr. 35). Upon remand, the ALJ was instructed to take appropriate action to resolve that issue (Tr. 36).

A second hearing was held on July 11, 2003 before the ALJ (Tr. 56-86). Plaintiff was 42 years old when the ALJ issued his first decision (Tr. 45), and 43 years old when he issued his second decision (Tr. 17). She graduated from Pine Bluff High School in 1978 (Tr. 93). Her past relevant work is as a poultry hanger and nursing assistant (Tr. 110-111).

On September 18, 2003, the ALJ issued another decision denying benefits (Tr. 13-28). The ALJ analyzed Plaintiff's claim according to the five step sequential evaluation. 20 C.F.R. § 416.920. He found:

1. The claimant did not meet the disability insured status requirements of the Act on January 1, 1992, the alleged onset date of disability, or at any other time pertinent to this decision.

2. The claimant had not engaged in substantial gainful activity since the alleged onset date.

3.  The medical evidence established that the claimant had a history of diagnoses and/or treatment for essential hypertension, diabetes mellitus, arthritis/arthralgia and a depressive disorder, which were "severe" impairments within the meaning of the Act.

4.  The claimant did not have an impairment or combination of impairments listed in or medically equal to an impairment contained in the Listing of Impairments.

5.  The claimant's testimony and subjective allegations regarding her symptoms, limitations and restrictions were considered credible only in so far as they were supported by the medical evidence of record and only to the extent that she would be limited to the performance of less strenuous sedentary and/or light work activity and was not found to be fully credible for the reasons set forth in the body of the decision.

6.  The claimant had the residual functional capacity (RFC) to perform a broad range of light work activity. (This includes the functional capacity to perform sedentary work.)  She had the RFC to occasionally lift up to 20 pounds and to frequently lift or carry objects weighing up to 10 pounds.  She was also capable of sitting, with normal breaks, for a total of about 6 hours in an 8-hour workday.  She also had environmental limitations in the area of having to avoid exposure to hot and/or cold temperature extremes, but did not have any postural or manipulative limitations and had no limitations in the ability to perform pushing and/or pulling maneuvers with the upper and/or lower extremities.  She was also mentally capable of performing work where interpersonal contact is incidental to the work performed and where complexity of tasks was learned and performed by rote with few variables and little required judgment.  That mental RFC was consistent with the definition of unskilled, entry-level work activity.

7.  The claimant was unable to perform any of her vocationally relevant past work because the exertional demands of that work exceeded her RFC.

8.  The claimant's RFC for the performance of light work activity was not substantially reduced by the above-described limitations.

9.  The claimant was currently 43 years of age, which is defined as a younger individual.

10. The claimant had a twelfth grade regular education, which is defined as a high school education.

11. The claimant did not have any acquired work skills, which were transferable to the skilled or semi-skilled work functions of other work and/or the transferability of any acquired work skills was not material to his decision.

12. Vocational Expert (VE) testimony  identified unskilled entry level jobs at the light exertional level which existed in significant numbers in the economy to which the

    claimant could be expected to make an occupational adjustment.  Those jobs were as follows: janitorial/cleaning/housekeeping and patch worker (janitorial in the manufacturing industry).

13.  Based on a physical and/or mental RFC for a broad range of light work activity and considering all the claimant's vocational factors, a significant number of jobs existed in the national economy which the claimant could/would be capable of performing.  Section 416.969 of Regulations No. 16 therefore directs a conclusion of not "disabled." This finding was supported by the persuasive testimony of a VE.

14.  The claimant was not under a "disability," as defined in the Social Security Act, as amended at any time through the date of this decision.

15.  The limitations and restrictions imposed by the claimant's impairments were not of a severity to be disabling at any time through the date of this decision.  The claimant's previous drug and/or alcohol addiction are therefore not material to the determination of disability.  (Tr. 26-28).

  An appeal to the Appeals Council was denied on March 17, 2004 (Tr. 8-10), making the ALJ's decision the final decision of the Commissioner.  On May 18, 2004, Plaintiff filed her Complaint (docket entry #1) initiating this appeal.  Plaintiff argues that the Commissioner erred as a matter of law: (1) in failing to afford controlling weight to the opinions of the treating physicians; (2) in determining the RFC; (3) in failing to follow the appropriate Social Security rules and regulations in making his credibility determinations; and (4) in failing to comply with the Notice of Order of Appeals Council remanding the case to the ALJ.  (*Plaintiff's Brief*, 1-2).

  As discussed, this case was previously remanded because, while the ALJ assessed Plaintiff as retaining the residual functional capacity (RFC) for a reduced range of medium work which included manipulative limitations of *no repetitive gripping, handling, feeling, and fingering using the hands*, the jobs that the VE provided were precluded by Plaintiff's RFC.  Upon remand, the ALJ was instructed to take appropriate action to resolve that issue (Tr. 36).  However, the ALJ did not assess whether there were other jobs that existed in significant numbers in the national

economy that Plaintiff could perform given the ALJ's initial RFC determination. Instead, the ALJ removed the manipulative limitations *no repetitive gripping, handling, feeling, and fingering using the hands* from his new RFC determination, and concluded instead that Plaintiff had no manipulative limitations. Because the ALJ included no rationale for this variance, the Court is not sure as to what basis the ALJ used to determine that Plaintiff no longer required the manipulative limitations. Thus, in consideration of Plaintiff's testimony, and the medical evidence of carpal tunnel syndrome and arthritis, there is not substantial evidence to support the ALJ's finding that Plaintiff *can frequently* grip, grasp, finger, and feel, especially in light of his previous finding that she could *not* engage in "repetitive gripping, handling, feeling, and fingering using the hands" (Tr. 49).

IT IS THEREFORE ORDERED THAT the Commissioner's decision is reversed and remanded for action consistent with this opinion. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405 (g) and *Melkonyan v. Sullivan,* 501 U.S. 89 (1991).

IT IS SO ORDERED.

DATED this 27th day of September, 2005.

_Henry L. Jones, Jr._
UNITED STATES MAGISTRATE JUDGE